## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JAMES M. LAVINE,

               Plaintiff,

      v.

MASS GENERAL BRIGHAM
INCORPORATED, NORTH SHORE
MEDICAL CENTER, INC.,

               Defendants.

Case No. _____

REMOVED FROM THE
COMMONWEALTH OF
MASSACHUSETTS, ESSEX SUPERIOR
COURT, CASE NO. 2277CV01118

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Mass General Brigham Incorporated ("MGB") and North Shore Medical Center, Inc. ("NSMC") (collectively, "Defendants"), by and through their attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submit this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Essex Superior Court. In support of their Notice of Removal, Defendants state as follows:

## BACKGROUND AND TIMELINESS

1.      On or about November 18, 2022 Plaintiff James Lavine ("Plaintiff") filed his complaint in the Commonwealth of Massachusetts, Essex Superior Court, titled, *James M. Lavine v. Mass General Brigham Incorporated, Northshore Medical Center, Inc.,* Docket No. 2277CV01118 (the "State Court Action")

2.      On February 6, 2023 Defendant NSMC was served. The original complaint, included in the attached **Exhibit A**, asserted only common law causes of action under Massachusetts law.

3.      On April 14, 2023, Plaintiff filed his amended complaint in the State Court Action asserting, for the first time: (i) a claim under Title VII of the Civil Rights Act of 1964, 42 USC §

2000e *et seq.*; and, (ii) claims purporting to arise under the Due Process and Equal Protection clauses of the United States Constitution.

4.     A copy of all "process, pleadings and orders" received by Defendants in the state court action is attached as **Exhibit A**.  *See* 28 U.S.C. § 1446(a).

5.     Because Defendants have filed this Notice of Removal within thirty days of receipt of the Amended Complaint — the first pleading asserting federal causes of action — this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

## THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION

6.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.     In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Defendants under the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*, and Due Process and Equal Protection under the United States Constitution amend. XIV.

8.     Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.     Accordingly, because this action alleges violations of the Civil Rights Act, **Exhibit A**, Am. Compl., Count I, ¶¶ 28-31, and the United States Constitution amend. I, IV, and XIV, Counts II and III, ¶¶ 33-37, 39-44, this action arises under federal law.  28 U.S.C. § 1331.  The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

94360347v.1

## VENUE AND NOTICE

10.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Essex Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11.    Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Essex Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Exhibit B**.

## CONCLUSION

12.    Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

13.    Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

14.    Should Plaintiff seek to remand this case to state court, Defendants respectfully asks that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants respectfully requests that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

94360347v.1

WHEREFORE, Defendants Mass General Brigham Incorporated and North Shore Medical Center, Inc., request that the above-described action pending against them be removed to the United States District Court for the District of Massachusetts. Defendants also request all other relief, at law or in equity, to which they justly are entitled.

Dated:  May 4, 2023                                    Respectfully submitted,


                                                       DEFENDANTS
                                                       MASS GENERAL BRIGHAM
                                                       INCORPORATED AND NORTH SHORE
                                                       MEDICAL CENTER, INC.


                                                       By their Attorneys,


                                           By:  */s/ Michael E. Steinberg*
                                               Kristin G. McGurn (BBO# 559687)
                                               kmcgurn@seyfarth.com
                                               Dawn R. Solowey (BBO# 567757)
                                               dsolowey@seyfarth.com
                                               Michael E. Steinberg (BBO# 690997)
                                               msteinberg@seyfarth.com
                                               SEYFARTH SHAW LLP
                                               Seaport East
                                               Two Seaport Lane, Suite 1200
                                               Boston, Massachusetts  02210-2028
                                               Telephone:   (617) 946-4800
                                               Facsimile:    (617) 946-4801

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2023 a true copy of Defendants' Notice of Removal was filed through the Court's ECF system.  Electronic copies were also delivered to counsel for the Plaintiff.

      Richard C. Chambers, Jr., Esq.
richard@chamberslawoffice.com
Joseph Spinale, Esq.
joe@chamberslawoffice.com
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940

      */s/ Michael E. Steinberg*
Michael E. Steinberg