UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. LAVINE,<br><br>   Plaintiff,<br><br> v.<br><br>MASS GENERAL BRIGHAM INCORPORATED and NORTH SHORE MEDICAL CENTER, INC.,<br><br>   Defendants. | Case No. 1:23-cv-10987-PBS |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, Mass General Brigham Incorporated ("MGB") and North Shore Medical Center, Inc. ("NSMC"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer to Plaintiff's Amended Complaint and Demand for Jury Trial (the "Complaint") as follows:

**THE PARTIES**

**COMPLAINT ¶1:**

Plaintiff, James M. Lavine (hereinafter, "Lavine" or "Plaintiff"), is an individual residing in the city of Lynn, Essex County, Commonwealth of Massachusetts.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1 and leave Plaintiff to his proof.

**COMPLAINT ¶2:**

Defendant, Mass General Brigham Incorporated, (hereinafter, "MGBI") is a duly organized Massachusetts corporation allegedly to "organize, operate and support a comprehensive health care system, including without limitation hospital and other health care services for all persons, and education and research for the prevention, diagnosis, treatment and cure for all forms of human illnesses … [and] to operate for the benefit of and to support The Massachusetts General Hospital, The Brigham Medical Center, Inc., [and] their respective

affiliated corporations.  MGBI has a principal office location of 800 Boylston Street, Suite 1150, Boston, Massachusetts 02199.

**ANSWER:**

MGB admits it is an integrated health care system incorporated in Massachusetts.  MGB further admits that its corporate headquarters is located at 800 Boylston Street, 11th Floor, Boston, MA 02199.  The remaining allegations in Paragraph 2 purport to provide a quotation, but neither contain an end quote nor specify from what source the quoted language comes, rendering the allegations unintelligible, and on that basis Defendants deny the same.  Inasmuch as the remaining allegations in Paragraph 2 purport to quote from or characterize the content of publicly available corporate records, the records speak for themselves, and MGB denies any and all allegations inconsistent therewith.

**COMPLAINT ¶3:**

MGBI is upon information and belief the largest healthcare system in Massachusetts and contains a number of affiliated hospitals, which are operated and administered in part, in common.

**ANSWER:**

MGB admits that it is the largest healthcare provider in Massachusetts, and admits that its network includes hospitals and additional medically-related organizations.  MGB otherwise states that the allegations set forth in Paragraph 3 using the terms "largest healthcare system," "a number of," and "operated and administered in part[] in common" are too vague and imprecise to be susceptible to admission or denial and on that basis denies these allegations.

**COMPLAINT ¶4:**

Defendant, North Shore Medical Center, Inc., (hereinafter, "NSMC") is a duly organized hospital and healthcare provider in the Commonwealth of Massachusetts, with a principal office location of 81 Highland Avenue, Salem, Massachusetts 01970.  NSMC is the successor in interest to Salem Hospital and, upon information and belief, NSMC is an affiliate and subsidiary of MGBI and MGBI has at all relevant times in this matter participated with MGBI with respect to the facts alleged herein.

2

**ANSWER:**

Denied.

**COMPLAINT ¶5:**

The Defendants are collectively herein referred to as "Defendant" or "Defendants" as the context requires.

**ANSWER:**

Defendants state that this paragraph contains no factual allegations to which a response is required.

## FACTS

**COMPLAINT ¶6:**

In 2004, Lavine earned an Associates Degree in Nursing and has been a licensed Registered Nurse (hereinafter, "RN") since February of 2005.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6 and leave Plaintiff to his proof.

**COMPLAINT ¶7:**

Plaintiff was employed as a RN at NSMC since February 25, 2005.

**ANSWER:**

Defendants admit that Plaintiff was employed by NSMC as a Registered Nurse, and deny the remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

Lavine has a deeply held religious belief and authored a book entitled "Enduring Grace" in the midst of sorrows [sic], which was published in 2017.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 and leave Plaintiff to his proof.

**COMPLAINT ¶9:**

On June 24, 2021, Defendants announced that they would be implementing a COVID-19 Vaccination Policy ("Vaccination Policy") requiring all employees within the MGBI system to be vaccinated against the COVID-19 [sic] by October 15, 2021 as a condition of their employment.

**ANSWER:**

The allegations in Paragraph 9 concern a written announcement, which speaks for itself, and Defendants deny any and all allegations inconsistent therewith.

**COMPLAINT ¶10:**

The Vaccination Policy included a process for requests for religious and medical exemptions which included MGBI's Human Resource team and Legal Department which MGBI referred to as MGB's Religious Exemption Review Committee.

**ANSWER:**

Defendants admit that the Vaccination Policy provided a process whereby individuals could seek religious and medical exemptions. Defendants otherwise deny the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Lavine submitted a Religious Exemption, to be exempt from the COVID-19 vaccine and Flu Vaccine on or about September 1, 2021.

**ANSWER:**

Admitted that on or about September 1, 2021, Lavine submitted a request for religious exemption from the Vaccination Policy, and indicated a request to be exempt from both the COVID-19 and flu vaccines for 2021. Defendants otherwise deny the allegations in Paragraph 11.

**COMPLAINT ¶12:**

During a review process, the parties communicated and [sic] the fact that vaccine exemption requests by Plaintiff for flu vaccines were routinely approved by Defendant.

**ANSWER:**

Defendants admit only that MGB's Religious Exemption Review Committee engaged in an interactive process with Plaintiff in connection with his religious exemption request. The remaining allegations set forth in Paragraph 12 are indecipherable and consequently not susceptible to admission or denial, and on that basis Defendants deny these allegations.

**COMPLAINT ¶13:**

On or about September 13, 2021, Defendant denied Plaintiff his religious exemption.

**ANSWER:**

Admitted that Plaintiff's request for religious exemption from the Vaccination Policy was denied on or about September 13, 2021. Defendants otherwise deny the allegations in Paragraph 13.

**COMPLAINT ¶14:**

After denying his Religious Exemption, the Defendant offered no accommodation to Lavine, and he was suspended (forced administrative leave) without pay on October 15, 2021, and wrongfully terminated on or [sic] November 17, 2021, for failing to take the COVID-19 vaccine, despite his sincerely held religious beliefs.

**ANSWER:**

Denied.

**COMPLAINT ¶15:**

Lavine's union representative advised him that action against the Defendant for this egregious violation of his rights would be pointless due to the lengthy process involved.

**ANSWER:**

Defendants deny that Plaintiff's rights were violated. Defendants otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 and leave Plaintiff to his proof.

**COMPLAINT ¶16:**

As a result, Lavine lost trust ad [sic] confidence that he would be treated fairly or justly because of Defendant's conduct, which included harassment, fear/threat tactics via e-mail and verbal chastising, intentional enforcement of policy to stigmatize and pit coworkers and colleagues and patients against him by inferring he would cause harm to others by not being vaccinated.

**ANSWER:**

Denied.

**COMPLAINT ¶17:**

Lavine further contends that he filed for unemployment on November 7, 2021. The Department of Unemployment Assistance (hereinafter, "DUA") advised James that he was eligible, however, his claim was denied. To this date, James has not received any benefits from DUA.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of

the allegations in Paragraph 17 and leave Plaintiff to his proof.

**COMPLAINT ¶18:**

Lavine began communicating with the Equal Employment Opportunity Commission (hereinafter, "EEOC") on November 22, 2021. Lavine had no hearing with the EEOC. The EEOC states in their letter that it is unable to conclude that the information establishes a violation of Federal law on the part of the NSMC and also they did not certify that MGB/NSMC was in compliance with the statutes.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of

the allegations in the first sentence of Paragraph 18 and leave Plaintiff to his proof. The second

sentence of Paragraph 18 uses vague and imprecise language (*viz.*, "hearing") that renders it

unsusceptible to admission or denial, and therefore it is denied. The remaining allegations in

Paragraph 18 purport to characterize the content of written correspondence from the EEOC,

which speaks for itself, and Defendants deny any and all allegations inconsistent therewith.

**COMPLAINT ¶19:**

Lavine received a Right to Sue Letter on August 25, 2022, attached hereto as **"Exhibit A"**.

**ANSWER:**

Defendants deny that any document is attached as an exhibit to the Amended Complaint. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 19 and leave Plaintiff to his proof.

**COMPLAINT ¶20:**

As a result of Defendant's actions, Lavine has suffered financial and emotional distress. NSMC's decision terminating James was unfair and unjustified as they made no accommodation for his religious exemption.

**ANSWER:**

Denied.

**COMPLAINT ¶21:**

Lavine has suffered personal hardship and stress due to the Defendant's discriminatory practices.  Lavine has suffered a marred negative reputation, which is irreparable with Defendants [sic].

**ANSWER:**

Denied.

**COMPLAINT ¶22:**

Lavine has suffered further financial loss because the Defendant failed to timely inform him of his Unemployment rights, which caused him to lose three weeks of benefits.

**ANSWER:**

Denied.

**COMPLAINT ¶23:**

As a result of Defendant's actions, Lavine was caused to suffer self-internal conflict, fear and financial loss of savings, loss of home, inability to meet financial obligations, damage to credit/fico scores, etc.

**ANSWER:**

Denied.

**COMPLAINT ¶24:**

Lavine's termination has caused him to lose medical and dental insurance and his insurance is intermittent based upon contract work and he has insurance gaps. Because of Defendant's actions Lavine lost his bonus pay, which was deducted from his bank account, because he "was no longer an Active Employee and was terminated."

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 24 and leave Plaintiff to his proof. Defendants deny the remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

Due to Defendant's actions, Lavine can no longer contribute towards retirement and NSMC no longer contributes to his pension. Lavine also lost his life insurance and loss of all premiums paid since 2005.

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

Lavine was able to mitigate some of his damages, finding employment in his field, but his new position comes with a salary deduction.

**ANSWER:**

Defendants deny that they have caused Plaintiff any "damages" whatsoever, and otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 25 and leave Plaintiff to his proof.

**COUNT I**
**VIOLATION OF M.G.L. CHAPTER 151 [sic] AND VIOLATION OF TITLE VII**

**COMPLAINT ¶27:**

The Plaintiff re-alleges the foregoing Paragraphs 1-126 [sic] as if set forth again here.

8

...

**ANSWER:**

Paragraph 27 consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendants incorporate their responses to the preceding paragraphs.

**COMPLAINT ¶28:**

The Plaintiff at all relevant times was engaged in protected activity under MGL Chapter 151 [sic] and 42 USC § 2000e *et seq*.

**ANSWER:**

The allegations in Paragraph 28 relate to Plaintiff's retaliation claim, which was dismissed with prejudice pursuant to this Court's Memorandum of Decision and Order dated November 28, 2023.  *See* ECF No. 28.

**COMPLAINT ¶29:**

The Defendant wrongly, arbitrarily and capriciously denied Plaintiff a religious exemption from having to inject himself with the COVID vaccine.

**ANSWER:**

Denied.

**COMPLAINT ¶30:**

The Defendant retaliated against the Plaintiff because he refused to inject the COVID vaccine.

**ANSWER:**

The allegations in Paragraph 30 relate to Plaintiff's retaliation claim, which was dismissed with prejudice pursuant to this Court's Memorandum of Decision and Order dated November 28, 2023.  *See* ECF No. 28.

**COMPLAINT ¶31:**

The Defendant at all times knew, or should have known, that the COVID vaccine did not prevent contracting nor spreading the disease.

**ANSWER:**

Denied.

## COUNT II
## VIOLATION OF PLAINTIFFS' EQUAL PROTECTION AND TREATMENT RIGHTS

Count II of the Amended Complaint, consisting of paragraphs 32 through 37, was dismissed with prejudice pursuant to this Court's Memorandum of Decision and Order dated November 28, 2023.  *See* ECF No. 28.

## COUNT III
## VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

Count III of the Amended Complaint, consisting of paragraphs 38 through 44, was dismissed with prejudice pursuant to this Court's Memorandum of Decision and Order dated November 28, 2023.  *See* ECF No. 28.

**The Plaintiff demands a trial by jury on all counts.**

**ANSWER:**

Defendants join Plaintiff in his request for a jury trial.

**WHEREFORE, PLAINTIFF PRAYS FOR THIS HONORABLE COURT TO:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that their acts would cause substantial hardship to the Plaintiff, and against public policy and common law, for damages as follows:

1. A minimum of Two Million Dollars ("$2,000,000.00") for general damages and costs;

2. For general damages in an amount to be determined for emotional distress, embarrassment, humiliation, anxiety, sleeplessness, and emotional trauma;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6.     For all other relief this Honorable Court deems meet, and just.

**ANSWER:**

Defendants deny the propriety of each and every request contained in Plaintiff's prayers for relief and deny each and every factual allegation contained therein.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following additional defenses without assuming any burden of production or proof that they would not otherwise have:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred, in whole or in part.

### Third Defense

To the extent Plaintiff failed to exhaust his administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of his claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Fourth Defense

Granting Plaintiff's request for exemption from the vaccination requirement would have posed an undue hardship on Defendants.

### Fifth Defense

MGB was not Plaintiff's employer.

### Sixth Defense

To the extent Plaintiff alleges that any of Defendants' employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendants, and was undertaken without the knowledge or consent of Defendants. Thus, Defendants are not liable for any such conduct, if it occurred.

### Seventh Defense

Defendants have complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Title VII and M.G.L. c. 151B.

### Eighth Defense

Plaintiff cannot establish a *prima facie* case of religious discrimination.

### Ninth Defense

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

### Tenth Defense

Defendants aver that even if some impermissible motive were a factor in any employment decision(s) concerning Plaintiff, a claim that Defendants expressly deny, the same decision(s) would have been reached for legitimate business reasons.

### Eleventh Defense

Without conceding that Plaintiff has suffered any damages as a result of the purportedly wrongful acts of Defendants, Plaintiff has failed to mitigate his damages.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to raise additional defenses and/or affirmative defenses as may be discovered during the course of the action.

DATED: December 11, 2023          Respectfully submitted,

MASS GENERAL BRIGHAM INCORPORATED and NORTH SHORE MEDICAL CENTER, INC.,

By their Attorneys,

*/s/ Michael E. Steinberg*
Kristin G. McGurn (BBO# 559687)
Dawn R. Solowey (BBO# 567757)
Michael E. Steinberg (BBO# 690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts  02210-2028
Telephone:  (617) 946-4800
Facsimile:   (617) 946-4801

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on December 11, 2023, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                */s/ Michael E. Steinberg*
                                                Michael E. Steinberg