UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES M. LAVINE,<br><br>          Plaintiff,<br><br>     v.<br><br>MASS GENERAL BRIGHAM INCORPORATED, NORTH SHORE MEDICAL CENTER, INC.,<br><br>          Defendants. | Case No. 1:23-cv-10987-BEM |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendants, Mass General Brigham Incorporated ("MGB") and North Shore Medical Center, Inc. (the "Hospital" and, together with MGB, "Defendants"), move for summary judgment, and respectfully request that this Court enter an order dismissing the Complaint with prejudice.

In 2021, to protect its vulnerable patient population, and its staff, visitors, and the public from COVID infection in the midst of a public health emergency, MGB (of which the Hospital is a member institution) relied on public health guidance, scientific data, and the clinical judgment of its world-renowned experts to implement a policy requiring all staff to be vaccinated against COVID absent an approved medical or religious exemption (the "Vaccination Policy").  As the undisputed facts make clear, it did so for compelling reasons. Despite MGB's extensive precautions, the virus was still spreading in hospitals; patients were deferring care for fear of contracting COVID at the hospital; and public health guidance and clinical data showed that the COVID vaccines were safe and effective. Failing to protect MGB's employees, patients, and visitors from illness amid a global pandemic would adversely impact MGB's workforce and hurt patient care.

316554868v.2

2

This case arises out of MGB's enforcement of its Vaccination Policy with respect to Plaintiff Jame Lavine, who worked as a Registered Nurse at the Hospital and applied for a religious exemption. The undisputed record shows that Plaintiff worked on a cardiac telemetry floor of the Hospital rendering care to the elderly; immunocompromised patients, including with cardiac conditions or cancer; and patients recovering from surgery or admitted from the emergency room. His position required constant in-person interaction with these vulnerable patients, along with colleagues and visitors at the Hospital, at the height of the pandemic. As a matter of law, allowing Plaintiff to remain in his position unvaccinated would have imposed an undue hardship on Defendants' operations. For that reason alone, Defendants are entitled to summary judgment.

Plaintiff's claims also fail for a second, independent reason: he cannot establish any of the three elements of a *prima facie* case of religious discrimination. While Plaintiff represented to MGB that his beliefs preclude all vaccination, it is undisputed that Plaintiff has received dozens of vaccines, and taken medications and had surgeries, throughout the decades in which he has held his claimed religious beliefs. Indeed, Plaintiff testified that his belief concerning vaccines, medications, and surgeries "waxes and wanes." In view of this undisputed evidence, no rational factfinder could conclude that Plaintiff's (1) opposition to COVID vaccination was religious in nature, (2) purported religious beliefs actually conflicted with vaccination, or (3) claimed religious objection to vaccination was sincere. Accordingly, on the undisputed evidence, Plaintiff cannot establish a *prima facie* case.

For all of these reasons, and those discussed in the accompanying Memorandum of Law, Defendants respectfully request that this Court: (1) grant the instant motion, and (2) enter an order dismissing the Complaint with prejudice. In support of this motion, Defendants rely on the

accompanying Memorandum of Law, Statement of Undisputed Facts, Appendix of Exhibits, and declarations filed herewith.

## REQUEST FOR ORAL ARGUMENT

Defendants request oral argument per Local Rule 7.1(d).

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I certify that, pursuant to Local Rule 7.1(a)(2), Defendants' counsel conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow areas of disagreement with respect to this motion.

*/s Michael E. Steinberg*
Michael E. Steinberg

316554868v.2

DATED: March 7, 2025 						Respectfully submitted,

							DEFENDANTS
							MASS GENERAL BRIGHAM
							INCORPORATED AND NORTH SHORE
							MEDICAL CENTER, INC.


						By: */s/ Michael E. Steinberg*
							Kristin G. McGurn (BBO# 559687)
							kmcgurn@seyfarth.com
							Dawn R. Solowey (BBO# 567757)
							dsolowey@seyfarth.com
							Michael E. Steinberg (BBO# 690997)
							msteinberg@seyfarth.com
							SEYFARTH SHAW LLP
							Seaport East
							Two Seaport Lane, Suite 1200
							Boston, Massachusetts 02210-2028
							Telephone: (617) 946-4800
							Facsimile:  (617) 946-4801


## **CERTIFICATE OF SERVICE**

	I hereby certify that on March 7, 2025, a copy of the foregoing document was filed electronically through the Court's ECF system.


						*/s Michael E. Steinberg*
						Michael E. Steinberg

4